# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# MEMPHIS DIVISION

| | |
|---|---|
| **STEPHEN SCHROEDER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.**<br><br>*Defendant.* | § Civil Action No. _____<br>§<br>§<br>§ **JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§ **COLLECTIVE ACTION PURSUANT**<br>§ **TO 29 U.S.C. § 216(b)**<br>§<br>§<br>§ |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Stephen Schroeder ("Schroeder")—brings this action individually and on behalf of all other similarly situated employees (collectively, "Plaintiff and the Putative Collective Members") who worked for Defendant—Sedgwick Claims Management Services, Inc. ("Sedgwick")—anywhere in the United States, at any time during the relevant statute of limitations through the final disposition of this matter, to recover unpaid compensation, including overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 ("FLSA").

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA to recover overtime wages.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Sedgwick, anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid the proper amount of overtime in violation of federal law.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Sedgwick knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for overtime compensation on a routine and regular basis.

5. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

6. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff prays that all similarly situated Putative Collective Members be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8.  Plaintiff Stephen Schroeder was employed by Sedgwick in Michigan during the relevant time period. Plaintiff Schroeder did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9.  The FLSA Collective Members are those current and former salaried benefits liaisons who were employed by Sedgwick, anywhere in the United States, at any time from February 18, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Schroeder worked and was paid.

10. Defendant Sedgwick Claims Management Services, Inc. is a foreign for-profit corporation, licensed to and doing business in Tennessee, and can be served through its registered agent: **Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee 37203-1312.**

## III.
## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

12. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

13. This Court has general personal jurisdiction over Sedgwick because its headquarters are located in Memphis, Tennessee and because Plaintiff's claims arose within this Tennessee District as a direct result of Defendant's conduct within this District.

14. Venue is proper pursuant to 28 U.S.C. § 1391 in the Western District of Tennessee because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

---

[1] The written consent of Stephen Schroeder is hereby attached as Exhibit "A."

15. Additionally, Sedgwick's principal place of business is in Memphis, Tennessee, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

**Plaintiff Schroeder's Employment with Sedgwick**

16. Sedgwick is a claims administration, loss adjusting, and benefits administration company and operates across the United States.[2]

17. To provide its services, Sedgwick employed (and continue to employ) numerous salaried-benefits liaisons—including Plaintiff and the Putative Collective Members.

18. Plaintiff Schroeder worked for Sedgwick as a Disability Representative and as a Benefits Liaison from approximately March 2022 until October 2025.

**Plaintiff and the Putative Collective Members are Similarly Situated**

19. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies of Sedgwick resulting in the complained of FLSA violations.

20. Plaintiff and the Putative Collective Members were employed by Sedgwick as salaried Benefits Liaisons, who were not paid any overtime compensation for hours worked in excess of forty (40) hours each week.

21. Plaintiff and the Putative Collective Members' job duties included: communicating with doctors regarding claims, communicating with a client company's Human Resource department regarding a doctor's findings/recommendations, filling out reports, identifying why claims are approved or denied, and ensuring claims representatives' reports follow procedure.

---

[2] https://www.sedgwick.com/about/

22. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

23. Although Plaintiff and the Putative Collective Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime compensation for all hours worked in excess of forty (40) hours per workweek.

**Benefits Liaisons Were Not Exempt From Overtime**

24. Sedgwick paid (and continues to pay) Plaintiff and the Putative Collective Members a salary and classifies them as exempt from overtime under the FLSA.

25. Plaintiff and the Putative Collective Members are (or were) **_non-exempt_** salaried Benefits Liaisons employed by Sedgwick during the relevant time-period.

26. None of the FLSA exemptions relieving a covered employer (such as Sedgwick) of the statutory duty to pay its non-exempt employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

27. Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Sedgwick resulting in the complained of FLSA violations.

28. Plaintiff and the Putative Collective Members were all paid a salary but no overtime.

29. Plaintiff and the Putative Collective Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Sedgwick.

30. Specifically, Plaintiff and the Putative Collective Members' job duties consisted of facilitating communications between doctors and human resource departments and checking the work of claims representatives to ensure established procedures were followed.

31. Plaintiff and the Putative Collective Members' job duties were largely controlled by set procedures for how claims representatives reports should look and what information was needed from doctors or human resource departments.

32. Plaintiff and the Putative Collective Members all perform the same primary duties nationwide regardless of their specific job title or location.

33. They abide by the same policies and procedures, regardless of their specific job title or location.

34. Plaintiff and the Putative Collective Members do not perform work that is directly related to the management of general business operations of Sedgwick.

35. Plaintiff and the Putative Collective Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

36. Plaintiff and the Putative Collective Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

37. Plaintiff and the Putative Collective Members do not customarily and regularly direct the work of two or more other employees.

38. Plaintiff and the Putative Collective Members are not responsible for setting schedules or rates of pay.

39. Plaintiff and the Putative Collective Members cannot deviate from Sedgwick's requirements or instructions without permission.

40. Plaintiff and the Putative Collective Members typically worked (and continue to work) approximately forty-five (45) hours per week.

41. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

42. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

43. Sedgwick denied Plaintiff and the Putative Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

44. Plaintiff and the Putative Collective Members are non-exempt employees under the FLSA.

45. Although it is well-known that production-side workers like Plaintiff and the Putative Collective Members are **_not_** exempt from overtime, Sedgwick did not pay Plaintiff and the Putative Collective Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

46. Sedgwick applied this pay practice despite clear and controlling law that states that the routine duties which were performed by Plaintiff and the Putative Collective Members consisted of **_non-exempt_** work.

47. The decision by Sedgwick not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

48. Because Sedgwick did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Sedgwick's pay policies and practices violated (and continue to violate) the FLSA.

49. Sedgwick knowingly and deliberately misclassified Plaintiff and the Putative Collective Members as exempt employees not entitled to overtime compensation.

50. Sedgwick willfully violated the FLSA by classifying salaried Benefits Liaisons as exempt from overtime while knowing that its salaried Benefits Liaisons did not qualify for any exemption to the FLSA's overtime requirement.

51. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSES OF ACTION

**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

52. The preceding paragraphs are incorporated as though fully set forth herein.

53. The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER SALARIED BENEFITS LIAISONS WHO WERE EMPLOYED BY SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 18, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

54. At all material times, Sedgwick has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

55. At all material times, Sedgwick has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

56. At all material times, Sedgwick has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. Specifically, Sedgwick operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

58. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Sedgwick, these individuals provided services for Sedgwick that involved interstate commerce for purposes of the FLSA.

59. In performing work for Sedgwick, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

60. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees who assisted Sedgwick's customers while operating machinery manufactured and designed out of state. 29 U.S.C. § 203(j).

61. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

62. The proposed class of similarly situated employees—that is, FLSA Collective Members—sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 53.

63. The precise size and identity of the proposed classes should be ascertainable from the business records, tax records, and/or employee and personnel records of Sedgwick.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

64. Sedgwick has violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without

compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

65. Moreover, Sedgwick knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

66. Sedgwick knew or should have known its pay practices were in violation of the FLSA.

67. Sedgwick is a sophisticated party and employer and therefore knew (or should have known) its pay policies were in violation of the FLSA.

68. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Sedgwick to pay them according to the law.

69. The decisions and practices by Sedgwick to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked was neither reasonable nor done in good faith.

70. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf Sedgwick's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

73. Other similarly situated employees of Sedgwick have been victimized by Sedgwick's patterns, practices, and policies, which are in willful violation of the FLSA.

74. The FLSA Collective Members are defined in Paragraph 53.

75. Sedgwick's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Sedgwick and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

76. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

77. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

78. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

79. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Sedgwick will retain the proceeds of their rampant violations.

81. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 53 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

83. Plaintiff respectfully prays for judgment against Sedgwick as follows:

    a.    For an Order certifying the FLSA Collective as defined in ¶ 53 and requiring Sedgwick to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to § 16(b) of the FLSA finding Sedgwick liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.    For an Order awarding the costs of this action;

    e.    For an Order awarding attorneys' fees;

    f.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g.    For an Order awarding Plaintiff Schroeder a service award as permitted by law;

    h.    For an Order compelling the accounting of the books and records of Sedgwick, at Sedgwick's expense, should discovery prove inadequate; and

    i.    For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 18, 2026                Respectfully submitted,

                                      **YEZBAK LAW OFFICES**

By:   */s/ Charles P. Yezbak, III*
      **Charles P. Yezbak, III**
      TBN 018965
      yezbak@yezbaklaw.com
      **Melody Fowler-Green**
      TBN 023266
      mel@yezbaklaw.com
      2901 Dobbs Avenue
      Nashville, TN 37211
      Telephone: (615) 250-2000

**ANDERSON ALEXANDER, PLLC**

By:   */s/ Clif Alexander*
      **Clif Alexander** *(Pro Hac Vice Anticipated)*
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin Anderson** *(Pro Hac Vice Anticipated)*
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      **Carter T. Hastings** *(Pro Hac Vice Anticipated)*
      Texas Bar No. 24101879
      carter@a2xlaw.com
      101 N. Shoreline Blvd, Suite 610
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and the Putative Collective Members*